IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| HAMILCAR BARCA IP LLC, | § § § |
| Plaintiff, | § Case No. 1:25-cv-00620-RP § |
| v. | § § JURY TRIAL DEMANDED |
| NVIDIA CORP., | § § |
| Defendant. | § § |

**JOINT FEDERAL RULE OF CIVIL PROCEDURE 26(f) REPORT**

Pursuant to Federal Rule of Civil Procedure 26(f) and Local Rule CV-16(c) and (d), Plaintiff Hamilcar Barca IP LLC ("Hamilcar") and Defendant NVIDIA Corp. ("NVIDIA") jointly submit the following Rule 26(f) Report.

**1.     What are the causes of action, defenses, and counterclaims in this case? What are the elements of the cause(s) of action, defenses, and counterclaims pled?**

This is an action for patent infringement of United States Patent Nos. 8,086,938 ("'938 Patent") and 8,407,783 ("'783 Patent") (collectively, "the Asserted Patents") under the patent laws of the United States, 35 U.S.C. § 1 et seq.

NVIDIA disagrees with Plaintiff's contentions and has pleaded noninfringement and invalidity of the Asserted Patents in its Answer (Dkt. 18). In addition, NVIDIA has raised affirmative defenses, including, *inter alia*, lack of standing; prosecution history estoppel, disclaimer, and disclosure-dedication; ensnarement and/or vitiation; reverse doctrine of equivalents; equitable defenses such as waiver, acquiescence, laches (e.g., prosecution laches), estoppel, patent misuse, unjust enrichment, constructive trust, and unclean hands; government sales; limitations on damages and other relief, including failure to mark; extraterritoriality; license and exhaustion.  *See* Dkt. 18 at 13-18.

2. **Are there any outstanding jurisdictional issues?**

There are no outstanding jurisdictional issues.

3. **Are there any unserved parties?**

Not at this time.  NVIDIA waived service.  *See* Dkt. 8.

4. **Are there any agreements or stipulations that can be made about any facts in this case or any element in the cause(s) of action?**

Not at this time, but the parties will consider possible stipulations as the case progresses.

5. **Are there any legal issues in this case that can be narrowed by agreement or by motion?**

Not at this time, but the parties will consider possible stipulations as the case progresses.

6. **Are there any issues about preservation of discoverable information?**

Not at this time.

7. **Are there any issues about disclosure or discovery of electronically stored information? In what forms should electronically-stored information be produced and will production include metadata?**

Not at this time, although the parties expect to confer further concerning at least procedures for discovery related to emails and source code. The parties expect that, should the need arise for email discovery regarding a targeted issue, the parties would negotiate such discovery using a procedure that is based on the identification of specific custodians and search terms. The parties will also meet and confer should other issues regarding ESI or metadata production arise. If the parties are unable to resolve those issues, they will raise them with the Court pursuant to the local rules and the Court's procedures.

8. **What are the subjects on which discovery may be needed?**

The parties anticipate discovery on all matters relevant to their pending claims and defenses. Plaintiff contends that discovery may be needed on at least the following subjects: the design, structure, and operation of the NVIDIA products accused of infringement; related supplier

and customer information; NVIDIA sales, marketing, and financial data concerning such products, their relevant components, their use, sales, and expected sales, and other damages topics; NVIDIA's knowledge of the Asserted Patents and the alleged infringement. NVIDIA contends that discovery may be needed on at least the following subjects: the priority date, conception and reduction to practice, and diligence related to the Asserted Patents; ownership, assignment, and licenses or attempts to license, sell, or otherwise monetize the Asserted Patents, including communications regarding the Asserted Patents with third parties; alleged invalidity of the Asserted Patents, including prior art, the applicant's knowledge of and disclosure to the patent office of prior art, the prosecution of the Asserted Patents and related patents and/or foreign counterparts, and any alleged secondary considerations of nonobviousness; involvement by Plaintiff or the prior assignee of the Asserted Patents with industry standards organizations; other products that Plaintiff contends practices the Asserted Patents, as well as products made by or under license from the prior assignee of the Asserted Patents that practiced/practices the Asserted Patents and any efforts to mark any such products.

9. **Have initial disclosures been made? If not, should any changes be made in the timing, form, or requirement for initial disclosures?**

    The parties propose making initial disclosures by September 10 and do not request changes in the form or requirement for disclosures under Rule 26(a)(1).

10. **What, if any, discovery has been completed? What discovery remains to be done and when should it be completed? Have the parties considered conducting discovery in phases or agreeing to limit discovery?**

    No discovery has yet been completed. Fact and expert discovery remain. Defendant expects that fact discovery will include certain foreign discovery related to a prior assignee of the patents-in-suit. Pursuant to the jointly proposed scheduling order accompanying this report, the parties

propose the deadline for fact discovery be 30 weeks after the claim construction hearing and for expert discovery be 39 weeks after that hearing.

**11.     What, if any, discovery disputes exist?**

None at this time.

**12.     Have the parties discussed the desirability of filing a proposed order pursuant to Federal Rule of Evidence 502?**

The parties believe an order pursuant to Federal Rule of Evidence 502 is appropriate and intend to include a provision in the proposed Protective Order.

**13.     Have the parties discussed early mediation?**

The parties have discussed early mediation only to the extent of the proposed scheduling order's proposal for filing the Local Rule CV-88 report on alternative dispute resolution 45 days after the Court's claim construction order.

**14.     Have the parties considered seeking entry of a confidentiality and protective order and are there any other scheduling or discovery items requiring the court's attention?**

The parties anticipate confidential information will be exchanged in this case. The parties are therefore discussing a Protective Order and intend to request entry of a stipulated protective order.

The parties are also submitting a jointly proposed scheduling order.

<div style="display: flex;">

<div>

*/s/ Scott W. Breedlove*
E. Leon Carter
lcarter@carterarnett.com
Texas Bar No. 03914300
Scott W. Breedlove
sbreedlove@carterarnett.com
Texas Bar No. 00790361
Omer Salik
osalik@carterarnett.com
Texas Bar No. 24128282
Howard L. Lim
hlim@carterarnett.com
Texas Bar No. 24092701
Nichol John
njohn@carterarnett.com
Texas Bar No. 24133309
CARTER ARNETT PLLC
8150 N. Central Expy, 5th Floor
Dallas, Texas 75206
Telephone No. (214) 550-8188
Facsimile No. (214) 550-8185

**ATTORNEYS FOR PLAINTIFF
HAMILCAR BARCA IP LLC**

</div>

<div>

*/s/ Frederick J. Ding*
Michael E. Jones (SBN: 10929400)
Shaun W. Hassett (SBN: 24074372)
POTTER MINTON, PC
102 North College, Suite 900
Tyler, Texas 75702
Tel: 903-597-8311
Fax: 903-593-0846
mikejones@potterminton.com
shaunhassett@potterminton.com

John M. Desmarais (*pro hac vice*)
Tamir Packin (*pro hac vice*)
Steven M. Balcof (*pro hac vice*)
Lee J. Matalon (SBN: 24117858)
Frederick J. Ding (SBN: 5651633)
DESMARAIS LLP
230 Park Avenue
New York, NY 10169
Tel: 212-351-3400
Fax: 212-351-3401
jdesmarais@desmaraisllp.com
tpackin@desmaraisllp.com
sbalcof@desmaraisllp.com
lmatalon@desmaraisllp.com
fding@desmaraisllp.com

Eric Speckhard (*pro hac vice*)
DESMARAIS LLP
1899 Pennsylvania Avenue, NW
Suite 400
Washington, DC 20006
Tel: 202-451-4900
Fax: 212-451-4901
especkhard@desmaraisllp.com

*Attorneys for Defendant NVIDIA Corporation*

</div>

</div>

## **CERTIFICATE OF SERVICE**

      I hereby certify that on September 10, 2025, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to all counsel of record.

                                          */s/ Scott W. Breedlove*
                                          Scott W. Breedlove