**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

HAMILCAR BARCA IP LLC,

                Plaintiff,

       v.

NVIDIA CORPORATION,

                Defendant.

Civil Action No. 1:25-cv-00620-RP

**PROTECTIVE ORDER**

WHEREAS, Plaintiff Hamilcar Barca IP and Defendant NVIDIA Corporation, hereafter referred to as "the Parties," believe that certain information that is or will be encompassed by discovery demands by the Parties involves the production or disclosure of trade secrets, confidential business information, or other proprietary information;

WHEREAS, the Parties seek a protective order limiting disclosure thereof in accordance with Federal Rule of Civil Procedure 26(c):

THEREFORE, it is hereby stipulated among the Parties and ORDERED that:

1.      Each Party may designate as confidential for protection under this Order, in whole or in part, any document, information, or material that constitutes or includes, in whole or in part, confidential or proprietary information or trade secrets of the Party or a Third Party to whom the Party reasonably believes it owes an obligation of confidentiality with respect to such document, information, or material ("Protected Material"). Protected Material shall be designated by the Party producing it by affixing a legend or stamp on such document, information, or material as follows: "CONFIDENTIAL." The word "CONFIDENTIAL" shall be placed clearly on each page of the Protected Material (except deposition and hearing transcripts) for which such protection is sought.

For deposition and hearing transcripts, the word "CONFIDENTIAL" shall be placed on the cover page of the transcript (if not already present on the cover page of the transcript when received from the court reporter) by each attorney receiving a copy of the transcript after that attorney receives notice of the designation of some or all of that transcript as "CONFIDENTIAL."

2.      Any document produced before issuance of this Order, including pursuant to the Court's Order Governing Proceedings - Patent Case, with the designation "Confidential" or the like shall receive the same treatment as if designated "CONFIDENTIAL" under this order and any such documents produced with the designation "Highly Confidential - Outside Attorneys' Eyes Only" shall receive the same treatment as if designated "HIGHLY CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY" under this Order, unless and until such document is re-designated to have a different classification under this Order.

3.      With respect to documents, information, or material designated "CONFIDENTIAL," " HIGHLY CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL - SOURCE CODE" ("DESIGNATED MATERIAL")[1], subject to the provisions herein and unless otherwise stated, this Order governs, without limitation: (a) all documents, electronically stored information, and/or things as defined by the Federal Rules of Civil Procedure; (b) all pretrial, hearing or deposition testimony, or documents marked as exhibits or for identification in depositions and hearings; (c) pretrial pleadings, exhibits to pleadings and other court filings; (d) affidavits; and (e) stipulations. All copies, reproductions, extracts, digests,

---

[1]The term DESIGNATED MATERIAL is used throughout this Protective Order to refer to the class of materials designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE," individually and collectively.

and complete or partial summaries prepared from any DESIGNATED MATERIALS shall also be considered DESIGNATED MATERIAL and treated as such under this Order.

4.     A designation of Protected Material (i.e., "CONFIDENTIAL," "HIGHLY CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL - SOURCE CODE") may be made at any time. Inadvertent or unintentional production of documents, information, or material that has not been designated as DESIGNATED MATERIAL shall not be deemed a waiver in whole or in part of a claim for confidential treatment. Any Party that inadvertently or unintentionally produces Protected Material without designating it as DESIGNATED MATERIAL may request destruction of that Protected Material by notifying the recipient(s) as soon as reasonably possible after the producing Party becomes aware of the inadvertent or unintentional disclosure, and providing replacement Protected Material that is properly designated. The recipient(s) shall then destroy all copies of the inadvertently or unintentionally produced Protected Materials and any documents, information, or material derived from or based thereon.

### A.     Tiers of Confidentiality

5.     "CONFIDENTIAL" documents, information, and material may be disclosed only to the following persons, except upon receipt of the prior written consent of the designating Party, upon order of the Court, or as set forth in paragraph 16 herein:

a.   Outside counsel of record in this Action for the Parties.

b.   Employees of such counsel assigned to and reasonably necessary to assist such counsel in the litigation of this Action.

c.   In-house counsel for the Parties (including in-house counsel of a Party's affiliate that provides legal services to the Party in the ordinary course of business) who either have responsibility for making decisions dealing directly with the litigation of this Action, or who are assisting outside counsel in the litigation of this Action.

d. Up to and including three (3) designated representatives of each of the Parties to the extent reasonably necessary for the litigation of this Action, except that any Party may in good faith request the other Party's consent to designate one or more additional representatives, the other Party shall not unreasonably withhold such consent, and the requesting Party may seek leave of Court to designate such additional representative(s) if the requesting Party believes the other Party has unreasonably withheld such consent.

e. Outside consultants or experts retained for the purpose of this litigation, provided that: (1) such consultants or experts are not presently employed by the Parties or of an affiliate of a Party hereto for purposes other than this Action; (2) before access is given, the consultant or expert has completed the Undertaking attached as Appendix A hereto and the same is served upon the producing Party with a current curriculum vitae of the consultant or expert, including a list of other cases in which the individual has provided a report or testified (at trial or deposition) and a list of companies that the individual has been employed by or provided consulting services pertaining to the field of the invention of the patent(s)-in-suit or the products accused of infringement within the last four years and a brief description of the subject matter of the consultancy or employment, at least ten (10) days before access to the Protected Material is to be given to that consultant or expert to object to and notify the receiving Party in writing that it objects to disclosure of Protected Material to the consultant or expert. Any objection to the disclosure should be made within 10 days after receipt of the Undertaking and all other information required to be disclosed under this subsection. For the avoidance of doubt, the outside consultant's or expert's direct reports and other support personnel need not be separately disclosed pursuant to this Paragraph except for any such personnel that are assisting in analyzing Source Code Material. Notwithstanding the above, disclosure to a consultant or expert who employs others within his or her firm to help in his or her work on this Action shall count as a disclosure to a single consultant or expert for the purposes of this Order. The Parties agree to promptly confer and use good faith to resolve any such objection. If the Parties are unable to resolve any objection, the objecting Party may file a motion with the Court within fifteen (15) days of receipt of the notice, or within such other time as the Parties may agree, seeking a protective order with respect to the proposed disclosure. The objecting Party shall have the burden of proving the need for a protective order. No disclosure shall occur until all such objections are resolved by agreement or Court order.

f. Independent litigation support services, including persons working for or as court reporters, graphics or design services, jury or trial consulting services, and photocopy, document imaging, and database services retained by counsel and reasonably necessary to assist counsel with the litigation of this Action.

g. The Court, its personnel, and any mediator appointed by the Court or agreed to by the Parties.

4

6.    A Party shall designate documents, information, or material as "CONFIDENTIAL" only upon a good faith belief that the documents, information, or material contains confidential or proprietary information or trade secrets of the Party or a Third Party to whom the Party reasonably believes it owes an obligation of confidentiality with respect to such documents, information, or material.

7.    Documents, information, or material produced pursuant to any discovery request in this Action, including but not limited to Protected Material designated as DESIGNATED MATERIAL, shall be used by the Parties only in the litigation of this Action and shall not be used for any other purpose. Any person or entity who obtains access to DESIGNATED MATERIAL or the contents thereof pursuant to this Order shall not make any copies, duplicates, extracts, summaries, or descriptions of such DESIGNATED MATERIAL or any portion thereof except as may be reasonably necessary in the litigation of this Action. Any such copies, duplicates, extracts, summaries, or descriptions shall be classified DESIGNATED MATERIAL and subject to all of the terms and conditions of this Order.

8.    To the extent a producing Party believes that certain Protected Material qualifying to be designated CONFIDENTIAL is so sensitive that its dissemination deserves even further limitation, the producing Party may designate such Protected Material "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY," or to the extent such Protected Material includes computer source code and/or live data (that is, data as it exists residing in a database or databases) ("Source Code Material"), the producing Party may designate such Protected Material as "HIGHLY CONFIDENTIAL - SOURCE CODE." Source Code Material includes, without limitation, extremely sensitive DESIGNATED MATERIAL representing computer code and associated comments and revision histories, formulas, engineering

specifications, process flows, layouts, or schematics that define or otherwise describe in detail the algorithms or structure of the source code, including but not limited to any code, scripts, assembly, binaries, firmware, object code, source code, source code or object code listings, Hardware Description Language (HDL) or Register Transfer Level (RTL) files, schematics files (e.g., Cadence), layout files (e.g., GDS), files containing source code in C, C++, Java, assembler, VHDL, Verilog, and other similar programming languages, "make" and "build" files, link files, scripts, and other human-readable text files used in the generation and/or building of software directly executed on a microprocessor, microcontroller, or digital signal processor (DSP), any human-readable programming language text that defines software, firmware, or electronic hardware descriptions, any net lists, process flow information, and associated computer-aided design (CAD) files, the disclosure of which to another Party or Non-Party would create a substantial risk of economic harm or significant competitive disadvantage to the producing Party.

9.      For Protected Material designated HIGHLY CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY, access to, and disclosure of, such Protected Material shall be limited to individuals listed in paragraphs 5(a–b) and (e–g); provided, however, that the designating Party shall accommodate reasonable requests to provide summary information to in-house counsel designated pursuant to paragraph 5(c) who exercise no competitive decision-making authority on behalf of the client and reasonably require access to such information.

### B.      Production of Source Code

10.     For Protected Material designated HIGHLY CONFIDENTIAL - SOURCE CODE, the following additional restrictions apply:

    a.  Access to a Party's Source Code Material shall be provided at the offices of the producing Party's outside counsel (NVIDIA's outside counsel has offices in New York City, San Francisco, and Washington, D.C.). At the producing Party's election, the Source Code Material shall be provided on a "Secure Computer" defined as:

       i.   A secured networked computer, configured to connect solely (via a VPN, Citrix thin client, or similar connection) to a source code review environment hosted on a remote server maintained by the producing Party, in a secured room; or

      ii.   A "stand-alone" computer having disk encryption and password protection in a secured room, without Internet access or network access to other computers.

b.   All persons entering the secured room containing the Secure Computer are subject to reasonable security measures to ensure they are not carrying any prohibited items into or removing Source Code Material from such secured room. Use or possession of any input/output or storage device (e.g., USB memory stick, mobile phone or tablet, camera or any camera-enabled device, CD/DVD, portable hard drive, laptop, or any device that can access the Internet or any other network or external system, etc.) is prohibited while in the secured room. The receiving Party shall not copy, remove, or otherwise transfer any portion of the Source Code Material onto any recordable media or recordable device, except as permitted by the provisions below.

c.   The receiving Party shall provide at least ten (10) business days' notice for its first request for access to the Secure Computer and identify the office of the producing Party's outside counsel where the receiving Party elects to conduct review. Except as further agreed by the producing Party, the receiving Party shall provide three (3) business days' notice for subsequent requests for access to the Secure Computer. The receiving Party must identify in writing to the producing Party the persons who will be conducting the inspection or will be present during the inspection in the notice. Before being permitted access to the location of the Secure Computer, any such persons must show government issued photo identification. The Parties agree to cooperate in good faith such that maintaining the producing Party's Source Code Material at the offices of its outside counsel or its vendors shall not unreasonably hinder the receiving Party's ability to efficiently and effectively conduct the prosecution or defense of this Action.

d.   The producing Party shall provide the receiving Party with information explaining how to start, log on to, and operate the Secure Computer in order to access the produced Source Code Material on the Secure Computer.

e.   The producing Party will produce Source Code Material in a computer searchable format on the Secure Computer. The receiving Party may request that commercially available software tools for reviewing and searching Source Code Material be installed on the Secure Computer. The receiving Party must provide the Producing party with a CD/DVD/USB drive or link for obtaining such software tools, and any necessary licenses, at least ten (10) business days in advance of the date upon which the receiving Party wishes to have the additional software tools

7

available for use on the Secure Computers. However, such software may not enable functions other than functionality reasonably anticipated as being necessary to effectively review and search produced Source Code Material (such as the functionality of LibreOffice) or otherwise compromise security of the Source Code Computer.

f.  The reviewer shall be entitled to take handwritten notes, which shall be labeled with the words "HIGHLY CONFIDENTIAL – SOURCE CODE" on every page, but may not copy or reproduce lines of Source Code Material into the notes and may not take such notes on the Secure Computer or any other computer.

g.  No person shall copy, e-mail, transmit, upload, download, print, photograph or otherwise duplicate any portion of the designated "HIGHLY CONFIDENTIAL - SOURCE CODE" material, except that the receiving Party may print paper copies of limited portions of Source Code Material that are reasonably necessary for the preparation of court filings, pleadings, expert reports, or other papers, or for deposition or trial, but shall not print paper copies for the purpose of reviewing the Source Code Material in the first instance. The process for Source Code Material printing is as follows: If the receiving Party would like to have a portion of Source Code Material printed, the receiving Party will save an image or PDF on the Secure Computer, notify the producing Party of the print request, and that image or PDF will be printed by the producing Party. The producing Party will print hard copies of those files with Bates numbers and the label "HIGHLY CONFIDENTIAL – SOURCE CODE," and deliver the hard copies to outside counsel for the receiving Party.

h.  Except as otherwise provided herein, no more than 500 pages of Source Code Material per version of accused standard may be requested in printed form (i.e., a total limit of 1000 pages for the '783 patent, and a total limit of 500 pages for the '938 patent). Additionally, except as otherwise provided herein, the receiving Party shall not request to print out any continuous block of Source Code Material that results in more than thirty (30) consecutive printed pages. At the receiving Party's request, up to three additional sets (or subsets) of printed Source Code Material may be requested and provided by the producing Party in a timely fashion. These limits may be increased by written agreement of the Parties or on a showing of reasonable need by the receiving Party.

i.  Any printed pages of Source Code Material, and any other documents or things reflecting Source Code Material that have been designated by the producing party as "HIGHLY CONFIDENTIAL - SOURCE CODE" may not be copied, digitally imaged or otherwise duplicated, except in limited excerpts (1) necessary to prepare court filings, pleadings, or other papers (including a testifying expert's expert report), (2) necessary for deposition, or (3) otherwise necessary for the preparation of its case. Any paper copies used during a deposition shall be retrieved by the receiving Party at the end of each day and must not be given to or left with a court reporter or any other unauthorized individual. To the extent portions of Source

Code Material are quoted in a court filing, the party quoting the Source Code Material shall quote only such portions as necessary to establish their point, and the parties shall cooperate to seek sealing in accordance with the Court's procedures. Either (A) the entire document will be stamped and treated as "HIGHLY CONFIDENTIAL – SOURCE CODE"; or (B) those pages containing quoted Source Code Material will be separately stamped and treated as "HIGHLY CONFIDENTIAL – SOURCE CODE." Any materials (e.g., pleadings, motion briefing, expert reports, discovery responses, etc.) that refer to, quote or otherwise reference or describe Source Code Material shall be labeled as "HIGHLY CONFIDENTIAL – SOURCE CODE."

j.  All persons who seek to review a producing Party's Source Code Material on behalf of a receiving Party, including a receiving Party's outside counsel, shall be identified in writing to the producing Party at least 10 business days in advance of the first time that such person reviews such Source Code Material. Such identification shall be in addition to any other disclosure required under this Order. The receiving Party shall maintain a record of any individual who has inspected any portion of the Source Code Material in electronic or paper form.

k.  The receiving Party shall maintain all printed portions of the Source Code Material in a secured, locked area under the direct control of outside counsel responsible for maintaining the security and confidentiality of the designated materials. Any paper copies designated "HIGHLY CONFIDENTIAL - SOURCE CODE" shall be stored or viewed only at (i) the offices of outside counsel for the receiving Party, (ii) the offices of outside experts or consultants who have been approved to access Source Code Material; (iii) the site where any deposition is taken (iv) the Court; or (v) any intermediate location necessary to transport the information to a hearing, trial, deposition, or other location permitted under this paragraph. A producing Party's Source Code Material may only be transported by the receiving Party at the direction of a person authorized under paragraph 5 (a)-(b) and (e) above to another person authorized under paragraph 5(a)-(b) and (e) above via hand carry, FedEx, or other similarly reliable courier. Source Code Material may not be transported or transmitted electronically over a network of any kind, including a LAN, an intranet, or the Internet.

l.  For Protected Material designated HIGHLY CONFIDENTIAL - SOURCE CODE, access to, and disclosure of, such Protected Material shall be limited to individuals listed in paragraphs 5(a)-5(b), 5(e) and 5(f) (except for mock jurors, to whom HIGHLY CONFIDENTIAL - SOURCE CODE designated material may not be disclosed). Nothing in this section prevents the receiving Party from showing (e.g., in a deposition) printed portions of the Source Code Material to employees of the producing Party who (1) have access to the HIGHLY CONFIDENTIAL - SOURCE CODE material as part of their job, or (2) are Rule 30(b)(6) designees of the producing Party designated specifically to speak about the HIGHLY CONFIDENTIAL - SOURCE CODE material.

9

### C.    Prosecution Bar

11.    Any attorney representing a Party, whether in-house or outside counsel, and any person associated with a Party and permitted to receive the other Party's Protected Material that is designated HIGHLY CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY, and/or HIGHLY CONFIDENTIAL - SOURCE CODE (collectively "HIGHLY SENSITIVE MATERIAL"), who obtains, receives, has access to, or otherwise learns, in whole or in part, the other Party's HIGHLY SENSITIVE MATERIAL under this Order shall not, during the pendency of this Action and for two years after its conclusion (including any appeals): (i) prepare, prosecute, supervise, advise, counsel, direct, assist, or participate in the preparation or prosecution of any patent application pertaining to the field of the invention of the patents-in-suit; or (ii) supervise, advise, counsel, direct, assist, or participate in development of technology pertaining to the field of the invention of the patents-in-suit. To ensure compliance with the purpose of this provision, each Party shall create an "Ethical Wall" between those persons with access to HIGHLY SENSITIVE MATERIAL and any individuals who prepare, prosecute, supervise, advise, counsel, direct, assist, or participate in the preparation or prosecution of any patent application pertaining to the field of the invention of the patents-in-suit; or who supervise, advise, counsel, direct, assist, or participate in development of technology pertaining to the field of the invention of the patents-in-suit. Nothing in this Order shall prevent a person with access to HIGHLY SENSITIVE MATERIAL from participating in a PTO proceeding (e.g., IPR, PGR, CBMR, reexamination, reissue, derivation, etc.) with respect to the patents-in-suit, provided that such person shall not participate—directly or indirectly—in the drafting or amendment of any claim(s) of a patent at issue in this action or related application.

10

D.    **Export Controls**

12.    HIGHLY SENSITIVE MATERIAL shall be subject to all applicable laws and regulations relating to the export of technical data to foreign persons or nationals in the United States or elsewhere.[2] Each party receiving HIGHLY SENSITIVE MATERIAL shall comply with all applicable export control statutes and regulations. *See, e.g.*, 15 C.F.R. § 734.3. HIGHLY SENSITIVE MATERIAL shall not be made available to any person who is not a U.S. Person as defined in 15 C.F.R. § 772.1 (hereinafter "U.S. Person"). U.S. Persons with access to HIGHLY SENSITIVE MATERIAL shall not: (i) transport it to any country other than the United States, Canada, Australia, or the United Kingdom; or (ii) access it from any country other than the United States, Canada, Australia, or the United Kingdom. Without limitation, this prohibition extends to HIGHLY SENSITIVE MATERIAL (including copies) in any form, including, but not limited to, physical, verbal, and electronic form. The restrictions contained within this paragraph may be amended through the consent of the producing Party to the extent that such agreed to procedures conform with applicable export control laws and regulations.

E.    **Inadvertent Production of Privileged or Otherwise Protected Material**

13.    Nothing in this Order shall require production of documents, information, or other material that a Party contends is protected from disclosure by the attorney-client privilege, the work product doctrine, or other privilege, doctrine, or immunity. If documents, information, or other material subject to a claim of attorney-client privilege, work product doctrine, or other privilege, doctrine, or immunity is inadvertently or unintentionally produced, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any such privilege, doctrine, or immunity either as to the information, document, or tangible thing comprising the

---

[2]  Applicable export restrictions may include, without limitation, those specified for ECCN 3E001 and ECCN 4E001 in Supplement No. 1 to Part 774 of the Code of Federal Regulations.

11

same or similar subject matter, in the Action or any other proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502.

14.    Any Party that inadvertently or unintentionally produces documents, information, or other material it reasonably believes are protected under the attorney-client privilege, work product doctrine, or other privilege, doctrine, or immunity may obtain the return of such documents, information, or other material by promptly notifying the recipient(s) and providing a privilege log for the inadvertently or unintentionally produced documents, information, or other material. The recipient(s) shall gather and return all copies of such documents, information, or other material to the producing Party, except for any pages containing privileged or otherwise protected markings by the recipient(s), which pages shall instead be destroyed and certified as such to the producing Party.

### F.    Prohibition of Disclosure to Unauthorized Persons

15.    There shall be no disclosure of any DESIGNATED MATERIAL by any person authorized to have access thereto to any person who is not authorized for such access under this Order. The Parties are hereby ORDERED to safeguard all such documents, information, and material to protect against disclosure to any unauthorized persons or entities.

16.    Nothing contained herein shall be construed to prejudice any Party's right to use any DESIGNATED MATERIAL in taking testimony at any deposition or hearing, provided that the DESIGNATED MATERIAL is only disclosed to a person(s) who is: (i) eligible to have access to the DESIGNATED MATERIAL by virtue of his or her current employment; (ii) identified in the DESIGNATED MATERIAL as an author, addressee, or copy recipient of such information; (iii) although not identified as an author, addressee, or copy recipient of such DESIGNATED MATERIAL, has, in the ordinary course of business, seen such DESIGNATED MATERIAL; (iv) a former officer, director or employee of the producing Party or its third-party supplier who

ordinarily has or previously had access to the DESIGNATED MATERIAL by virtue of his or her association or employment with that producing Party or supplier; (v) an independent contractor, consultant, and/or expert retained for the purpose of this litigation who has executed the Undertaking required under paragraph 5.e; (vi) court reporters and videographers; (vii) the Court; or (viii) other persons entitled hereunder to access to DESIGNATED MATERIAL.

### G. Designation of Transcripts

17. Parties may, at the deposition or hearing or within thirty (30) days after receipt of a deposition or hearing transcript, designate the deposition or hearing transcript or any portion thereof as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL - SOURCE CODE" pursuant to this Order. Access to the deposition or hearing transcript so designated shall be limited in accordance with the terms of this Order. Until expiration of the 30-day period, the entire deposition or hearing transcript shall be treated as HIGHLY CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY.

### H. Filing Under Seal

18. Any DESIGNATED MATERIAL that is filed with the Court shall be filed under seal and shall remain under seal until further order of the Court. The filing Party shall be responsible for informing the Clerk of the Court that the filing should be sealed and for placing the legend "FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER" above the caption and conspicuously on each page of the filing. Exhibits to a filing shall conform to the labeling requirements set forth in this Order. If a pretrial pleading filed with the Court, or an exhibit thereto, discloses or relies on DESIGNATED MATERIAL, such confidential portions shall be redacted to the extent necessary and the pleading or exhibit filed publicly with the Court.

## I.      Challenging Confidentiality Designations

19.     A Party may request in writing to the other Party that the designation given to any DESIGNATED MATERIAL be modified or withdrawn. If the designating Party does not agree to re-designation within ten (10) days of receipt of the written request, the requesting Party may apply to the Court for relief. Upon any such application to the Court, the burden shall be on the designating Party to show why its classification is proper. Such application shall be treated procedurally as a motion to compel pursuant to Federal Rule of Civil Procedure 37, subject to the Rule's provisions relating to sanctions. In making such application, the requirements of the Federal Rules of Civil Procedure and the Local Rules of the Court shall be met. Pending the Court's determination of the application, the designation of the designating Party shall be maintained.

20.     The failure to designate documents, information, or material in accordance with this Order and the failure to object to a designation at a given time shall not preclude the filing of a motion at a later date seeking to impose such designation or challenging the propriety thereof. The entry of this Order and/or the production of documents, information, or material hereunder shall in no way constitute a waiver of any objection to the furnishing thereof, all such objections being hereby preserved.

21.     Any Party knowing or believing that any other Party is in violation of or intends to violate this Order and has raised the question of violation or potential violation with the opposing Party and has been unable to resolve the matter by agreement may move the Court for such relief as may be appropriate in the circumstances. Pending disposition of the motion by the Court, the Party alleged to be in violation of or intending to violate this Order shall discontinue the performance of and/or shall not undertake the further performance of any action alleged to constitute a violation of this Order.

**J.      Third Party Discovery**

22.    To the extent that any discovery is taken of persons who are not Parties to this Action ("Third Parties") and in the event that such Third Parties contend the discovery sought involves trade secrets, confidential business information, or other proprietary information, then such Third Parties may agree to be bound by this Order.

23.    To the extent that discovery or testimony is taken of Third Parties, the Third Parties may designate as "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY," and/or "HIGHLY CONFIDENTIAL - SOURCE CODE" any documents, information, or other material, in whole or in part, produced by such Third Parties. The Third Parties shall have ten (10) days after production of such documents, information, or other materials to make such a designation. Until that time period lapses or until such a designation has been made, whichever occurs sooner, all documents, information, or other material so produced or given shall be treated as "HIGHLY CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY" in accordance with this Order.

**K.      Miscellaneous**

24.    The Order applies to pretrial discovery. Nothing in this Order shall be deemed to prevent the Parties from introducing any DESIGNATED MATERIAL into evidence at the trial of this Action, or from using any information contained in DESIGNATED MATERIAL at the trial of this Action, subject to any pretrial order issued by this Court.

25.    Each outside consultant or expert to whom DESIGNATED MATERIAL is disclosed in accordance with the terms of this Order shall be advised by counsel of the terms of this Order, shall be informed that they are subject to the terms and conditions of this Order, and shall sign an acknowledgment that they have received a copy of, have read, and have agreed to be bound by this Order. A copy of the acknowledgment form is attached as Appendix A.

26.     Production of DESIGNATED MATERIAL by any Party shall not be deemed a publication of the documents, information, or material (or the contents thereof) produced so as to void or make voidable whatever claim the Parties may have as to the proprietary and confidential nature of the documents, information, or other material or its contents.

27.     Nothing in this Order shall be construed to effect an abrogation, waiver, or limitation of any kind on the rights of each of the Parties to assert any applicable discovery or trial privilege.

28.     Each of the Parties shall also retain the right to file a motion with the Court (a) to modify this Order to allow disclosure of DESIGNATED MATERIAL to additional persons or entities if reasonably necessary to prepare and present this Action; and (b) to apply for additional protection of DESIGNATED MATERIAL.

29.     If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any DESIGNATED MATERIAL, the Parties agree to cooperate in good faith to comply with all lawful directives of the issuing court and of this Court. The affected Parties may seek relief from the appropriate court(s) as set forth in Fed. R. Civ. P. 26(c) or Fed. R. Civ. P. 45(d)(3)(B) or other applicable rules.

**L.     Final Disposition**

30.     Within thirty (30) days of final termination of this Action, including any appeals,  all  DESIGNATED MATERIAL, including all copies, duplicates, abstracts, indexes, summaries, descriptions, and excerpts or extracts thereof (excluding excerpts or extracts incorporated into any privileged memoranda of the Parties), shall at the producing Party's election either be returned to the producing Party or be destroyed.  The receiving Party shall verify the return or destruction by affidavit furnished to the producing Party, upon the producing Party's request. The receiving Party shall maintain all DESIGNATED MATERIAL in accordance with

the requirements of this Order at all times until the DESIGNATED MATERIAL is returned or destroyed pursuant to this Paragraph. Notwithstanding this provision, Outside Counsel are permitted to retain an archival copy of Court filings that may contain DESIGNATED MATERIAL. The Parties shall not be required to return or delete information that may reside on their respective Parties', firms', or vendors' electronic disaster recovery or archive systems or information that may reside in electronic files which are not reasonably accessible. No person shall be required by this Order to return or destroy information they are required by law to retain.

DATED: _____          _____
                                        ROBERT PITMAN
                                        UNITED STATES DISTRICT JUDGE

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | |
|---|---|
| HAMILCAR BARCA IP LLC,<br><br>    Plaintiff,<br><br>  v.<br><br>NVIDIA CORPORATION,<br><br>    Defendant. | Civil Action No. 1:25-cv-00620-RP |

**APPENDIX A**
**UNDERTAKING OF EXPERTS OR CONSULTANTS REGARDING**
**PROTECTIVE ORDER**

I, _____ , declare that:

1.   My address is _____ .

   My current employer is _____ .

   My current occupation is _____ .

2.   I have received a copy of the Protective Order in this action. I have carefully read and understand the provisions of the Protective Order.

3.   I will comply with all of the provisions of the Protective Order. I will hold in confidence, will not disclose to anyone not qualified under the Protective Order, and will use only for purposes of this action any information designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL - SOURCE CODE" that is disclosed to me.

4.   Promptly upon termination of these actions, I will return all documents and things designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL - SOURCE CODE" that

came into my possession, and all documents and things that I have prepared relating thereto, to the outside counsel for the Party by whom I am employed.

5. I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Protective Order in this action.

I declare under penalty of perjury that the foregoing is true and correct.

Signature _____

Date _____